UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cr-0033-01 (L/F) |
| | ) | |
| RICHARD D. LESLIE, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable William T. Lawrence, Judge, on July 13, 2010, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on July 2, 2010, and to submit to Judge Lawrence proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3561 *et seq.* All proceedings in this matter were held on July 28, 2010, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.

On July 28, 2010, the government appeared by James Warden, Assistant United States Attorney. The defendant appeared in person with his appointed counsel, Mike Donahoe, Office of the Indiana Federal Community Defender. U. S. Parole and Probation appeared by Patrick Jarosh, U. S. Parole and Probation officer, and participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3561 *et seq.*:

1. That Mike Donahoe, Office of the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Leslie in regard to the Petition for Revocation of Probation.

2. A copy of the Petition for Revocation of Probation was provided to Mr. Leslie and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Leslie was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his probation contained in the pending Petition.

4. Mr. Leslie would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Leslie had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. If the preliminary hearing resulted in a finding of probable cause that Mr. Leslie had violated the alleged condition or conditions of probation set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Lawrence's designation on July 13, 2010.

7. Mr. Leslie stated his readiness to waive the preliminary hearing at each hearing regarding the Petition then under consideration. Mr. Leslie then waived, in writing, the preliminary hearing and he was held to answer.

8. Mr. Leslie, by counsel, admitted that he committed the specifications of violations set forth in the Petition, filed with the Court as follows:

| Violation Number | Nature of Noncompliance: |
|---|---|
| **1** | **"The defendant shall not commit another federal, state or local crime."** |
| | On three occasions, the offender submitted monthly reports in envelopes with The American Legion's return address and stamped with a postage meter. It was determined that he offender had been working as a temporary employee for The American Legion in their shipping department and had access to their postage meter and envelopes. On June 22, 2010, administration of The American Legion indicated that the offender was never given permission to use their envelopes and postage meter for personal use. |
| **2** | **"The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |
| | The defendant submitted his monthly reports for February 2010, March 2010, April 2010, and May 2010, late and after the fifth of the month. Additionally, information provided in previous monthly reports were incomplete and contained inaccurate information. These reports lacked financial information, such as expenditures over $500. Also, information regarding his vehicle mileage was incorrect, as his mileage would increase and decrease from month to month for the same vehicle. In addition, the offender reported making restitution payments, which were either never made or made for a lower amount. |

The Court placed Mr. Leslie under oath and directly inquired of Mr. Leslie whether he admitted violations of the specifications of his probation set forth above. Mr. Leslie admitted the above violations as set forth.

The parties further stipulated the following in open Court:

(1) Mr. Leslie has a relevant criminal history category of I. *See,* U.S.S.G. §7B1.4(a).

(2) The most serious grade of violation was stipulated to by the parties to be a Grade C violation, pursuant to U.S.S.G.

(3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of probation the range of imprisonment applicable to Mr. Leslie is 3 to 9 months.

(4) The parties agreed that the appropriate disposition for Mr. Leslie's violation of the conditions of probation is modification as follows:

(a) Mr. Leslie shall reside at his residence with electronic monitoring to be paid for by him for a period of 180 days.

(b) Mr. Leslie shall perform 240 hours of community service that will be directed by the United States Parole and Probation.

(c) Upon completion of his 180 days of electronic monitoring, the undersigned Magistrate Judge will set another hearing for defendant to appear in U. S. District Court.

9.  The Court then placed Mr. Leslie under oath and inquired directly of him whether he admitted committing violations of probation contained in the Petition to Revoke Probation.  Mr. Leslie admitted the violations.

10.  The parties consented in writing to the Magistrate Judge conducting all required proceedings in this case and making a report and recommendation for the disposition of the case thereafter to the District Judge.

The Court, having heard the admission of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Richard D. Leslie, violated the above-delineated conditions of his probation.  The defendant's probation is therefore **MODIFIED,** and Richard D. Leslie is to reside up to180 days at his residence under electronic monitoring, to be paid by defendant.

**WHEREFORE,** Mr. Leslie's probation is **MODIFIED** as set forth above.

Counsel for the parties and Mr. Leslie stipulated in open Court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

    2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana*.

  Counsel for the parties and Mr. Leslie entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure*, and/or may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation, upon which he may reconsider.

  **WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Mr. Leslie's probation.

  **IT IS SO RECOMMENDED** this 16th day of August, 2010.

_____
Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Jim Warden,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Mike Donahoe,
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service